### HOWARD *v.* BLACK.

*.Replevin. Pleading. Gen. Sts. c.* 35, *s.* 14.

In replevin for beasts impounded, defendant can justify only as at common law, under an avowry setting forth the facts relied upon, evidence of justification being admissible under the plea of not guilty prescribed by s. 14 of c. 35 of the Gen. Sts., only in those cases to which remedy by replevin was extended by section 13 of the same chapter.

REPLEVIN for five cows. Plea, not guilty, and trial by jury, September Term, 1875, REDFIELD, J., presiding. The plaintiff offered evidence tending to show that the defendant put said cows into the barn and barn-yard of the pound-keeper, near the pound, and gave the plaintiff notice that he had impounded them ; that the plaintiff found them in the barn and replevied them. The

2

defendant then offered testimony tending to prove that his and the plaintiff's lands were separated only by a fence belonging in part to him and in part to the plaintiff to maintain ; that his part thereof was good, but that the plaintiff's part was out of repair, and that plaintiff's cattle got through plaintiff's part, and did damage in defendant's inclosure ; that there was no legal pound in town, and that he drove the cows to the pound-keeper, and put them under his care, and that within twenty-four hours thereafter he gave the plaintiff notice that he had impounded them in the barn-yard of the pound-keeper. To the admission of that testimony the plaintiff seasonably objected, for that, as the defendant had not filed an avowry, he could not introduce evidence of justification, but was confined to evidence in support of the plea denying the taking. The court overruled the objection, *pro forma*, and admitted the testimony ; to which the plaintiff excepted.

The plaintiff, among other things, requested the court to order a verdict for the plaintiff, for that the defendant's evidence was improperly admitted, and that upon proof of the taking of the cattle he was entitled to judgment. But the court refused, and directed a verdict for the defendant ; to which the plaintiff excepted.

*J. A. Wing*, for the plaintiff, cited Gen. Sts. c. 35, s 1, *et seq.;* *Loop* v. *Williams*, 47 Vt. 407 ; 1 Chit. Pl. 499.

*Heath & Carleton* (*H. W. Heaton* with them), for the defendant, cited Gen. Sts. c. 35, s. 1, *et seq. ; Plainfield* v. *Batchelder*, 44 Vt. 9 ; *Hotchkiss* v. *Ashley*, 44 Vt. 195 ; *Loop* v. *Williams*, 47 Vt. 407.

The opinion of the court was delivered by

ROYCE, J. The right to maintain replevin for beasts impounded is given by s. 1, c. 35, Gen. Sts. That section provides, that the writ shall be prosecuted before any court having jurisdiction thereof, substantially in the form prescribed by law. By the common-law rules of pleading applicable to the action, if the defendant would justify the impounding, he must file an avowry, setting

forth the facts relied upon as a justification for such impounding, and no proof would be allowed that did not support the allegations made in the avowry. This suit was tried upon the plea of the general issue alone, and the application of the above rule would exclude the evidence which was objected to.

But it is claimed that the common-law rule has been changed by s. 14 of the same chapter. That section provides that " the general issue shall be joined on the plea of not guilty," where the writ is authorized by the 13th section. Section 13 authorizes the bringing of the action to try the right of property in a class of cases where the action could not be sustained under the common law, and the substitution of the general issue for an avowry by the 14th section, has reference only to the cases provided for in the 13th section.

The evidence objected to should have been excluded, and the judgment is reversed, and cause remanded.